JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff appeals from a common pleas court order granting defendants' motion to enforce settlement. We find this order is not final and appealable. Therefore, we dismiss this appeal.
 {¶ 2} All defendants but Heights Title Agency, Inc. moved the court to reduce to judgment a settlement agreement allegedly reached by the parties, pursuant to which plaintiff allegedly agreed to dismiss his claims against these defendants in exchange for a cash payment of $30,000.[1] Plaintiff responded to this motion. The court ruled as follows:
 {¶ 3} "Motion to enforce settlement agreement is granted. Parties are ordered to finalize terms and dates of payment within 30 days of this order or face show cause hearing for failure to comply. Final. Costs of defendant [sic]. This court retains jurisdiction over all post-judgment motions.
 {¶ 4} "Court cost assessed to the defendant(s)."
 {¶ 5} Despite the court's use of the term "final," it is evident that the court did not intend for this judgment entry to finally dispose this case. The order anticipates further action by the parties to "finalize terms and dates of payment." Moreover, the order does not dispose of any claim by any party. Accordingly, it is not final and appealable. See, e.g., State exrel. Keith v. McMonagle, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶4. Appeal dismissed.
This cause is dismissed.
It is, therefore, considered that said appellees recover of said appellant their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J. and Sean C. Gallagher, J. concurs
[1] One week after this motion was filed, plaintiff dismissed his claim against Heights Title Agency, with prejudice. Heights Title Agency in turn dismissed its cross-claims against the remaining defendants.