OPINION
{¶ 1} Plaintiff-Appellant, John Brotherwood, Administrator of the Estates of Joanne, John, Jr., and Cassie Brotherwood, deceased, appeals the judgment of the Mercer County Court of Common Pleas finding that he and Defendant-Appellee, Cory L. Gonzalez, through his insurer, GEICO, entered into a binding settlement agreement with regard to the wrongful death of his decedents. Because the trial court's judgment is not a final order, we dismiss Brotherwood's appeal.
 {¶ 2} This case was initiated when Brotherwood filed a complaint in August of 2000. In his complaint, Brotherwood alleged that the death of his decedent family members was wrongful and that it was caused by Gonzalez's negligence, when he drove his car into the car being operated by Brotherwood's decedent wife, Joanne. Additionally, in his complaint, Brotherwood identified various unnamed defendants by claims of acts or failures to act which have given rise to a liability for the decendents' wrongful deaths.
 {¶ 3} Subsequently, this case came before the trial court to determine whether Brotherwood and Gonzalez had entered into a binding settlement agreement. On February 28, 2006, in its entry styled, "JUDGMENT ENTRY ON ISSUE OF SETTLEMENT", the trial court provided, in pertinent part:
This matter is before the court for decision on the issue of whether plaintiff and defendant, Cory L. Gonzalez, had entered into a binding settlement agreement * * *.
* * *
[T]he court finds that defendant Cory L. Gonzalez entered into a binding settlement agreement with plaintiff with regard to his liability for the wrongful death of plaintiff's decedent effective July 21, 2001, and therefore, this cause should be dismissed upon the payment of the policy limits of defendants' liability policy with GEICO.
On or before April 1, 2006, defendant Cory L. Gonzalez, through his insurer, GEICO, shall deliver to plaintiff, through his attorney, payment of the policy limits of his liability policy insuring defendant Cory L. Gonzalez, and upon receipt of same, plaintiff shall issue to defendant Gonzalez, through his attorney, a full and complete release of liability for plaintiff's claims in this cause.
In the event that this court has not received a judgment entry of dismissal in accordance with this order prior thereto, this matter shall come on for a hearing on entry on Tuesday, April11, 2006, at 8:30 a.m., at which time counsel shall appear at that time with their clients and show cause why they have failed to comply with the request of this court. Failure to appear may result in the court dismissing this action.
IT IS SO ORDERED. (Feb. 28, 2006 Judgment Entry pp. 1-2). (Emphasis in original).
 {¶ 4} It is from this judgment Brotherwood appeals presenting the following assignment of error for our review:
 Assignment of Error The court erred by ruling that the tort victim's(Brotherwood's) efforts to remove certain restrictive languagefrom a settlement agreement, insisted upon by the insurancecompany, were a nullity and that Brotherwood had none-the-lesssettled his claim. The court erred by imposing a settlementagreement upon the plaintiff although there was no meeting of theminds between plaintiff and defendant, and the court erred by notholding the defense to the burden of proof for the defense'saffirmative defense of settlement.
 {¶ 5} Before reaching the merits of the assignment of error, however, we must determine whether jurisdiction exists to hear this appeal.
 {¶ 6} Article IV, Section 3(B)(2), of the Ohio Constitution limits an appellate court's jurisdiction to the review of final orders. R.C. 2505.02(B) enumerates orders that are final and, therefore, appealable. An order that leaves issues unresolved and contemplates further action is not a final appealable order.State ex rel. Keith v. McMonagle, 103 Ohio St.3d 430,2004-Ohio-5580, at ¶ 4, quoting Bell v. Horton (2001),142 Ohio App.3d 694, 696. Moreover, the issue of whether an order is final and appealable is a jurisdictional question, which an appellate court may raise sua sponte. Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 87.
 {¶ 7} In this case, the trial court's entry provides that "this cause should be dismissed upon the payment of the policy limits of defendants' liability policy with GEICO." (Feb. 28, 2006 Judgment Entry p. 2). Additionally, the trial court's entry provides that after Gonzalez, through his insurer GEICO, has paid Brotherwood and Brotherwood has issued a full and complete release of liability to Gonzalez a judgment entry of dismissal was to be filed with the trial court. Further, the trial court's entry provides that if a judgment entry of dismissal has not been received, "this matter shall come on for a hearing on entry onTuesday, April 11, 2006, at 8:30 a.m. * * *." (Feb. 28, 2006 Judgment Entry p. 2). Finally, the trial court's entry concludes, "[f]ailure to appear may result in the court dismissing this action." (Feb. 28, 2006 Judgment Entry p. 2).
 {¶ 8} Thus, we find that the trial court's entry does not dismiss all claims against Gonzalez, but only preliminarily determines that there has been a binding settlement agreement between Brotherwood and Gonzalez. The entry also explicitly provides that the parties were required to provide the trial court with a judgment entry of dismissal, indicating that the trial court contemplated further action on Brotherwood's claims.
 {¶ 9} Accordingly, because it leaves issues unresolved and contemplates further action, we must conclude that the trial court's "JUDGMENT ENTRY ON ISSUE OF SETTLEMENT" is not a final appealable order.
 {¶ 10} For the foregoing reasons, this court lacks jurisdiction to consider the merits of the Brotherwood's assignments of error at this time and we must dismiss Brotherwood's appeal.
Appeal Dismissed.
 Bryant, P.J., and Cupp, J., concur.