[Cite as *Sturgill v. JP Morgan Chase Bank, N.A.*, 2012-Ohio-1087.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| DENVER G. STURGILL, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 11CA7 |
| | : | |
| vs. | : | **Released: March 9, 2012** |
| | : | |
| JPMORGAN CHASE BANK, N.A., | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| Defendant-Appellee. | : | |

_____
<u>APPEARANCES:</u>

Denver G. Sturgill, Garrison, Kentucky, Appellant, pro se.

James C. Carpenter and Vincent I. Holzhall, Steptoe & Johnson, PLLC, Columbus, Ohio, for Appellee.
_____

McFarland, J.:

{¶1} This is an appeal from a Hocking County Court of Common Pleas judgment entry upholding a settlement agreement between Appellant, Denver Sturgill, and Appellee, JPMorgan Chase Bank, and dismissing Appellant's complaint with prejudice. On appeal, Appellant contends that 1) the trial court erred as a matter of law in concluding that a settlement had been reached among the parties; and 2) the trial court erred as a matter of law in considering the August 5, 2010, agreement without allowing any discussion about the agreement at issue, which Appellant contends provided

for a cooling off period during which consent to settlement could be withdrawn. In light of our determination that the judgment entry does not constitute a final appealable order, we dismiss the appeal for lack of jurisdiction.

FACTS

{¶2} Appellant filed a pro se complaint on May 4, 2009, against Appellee alleging that it improperly paid several checks Appellant claimed had been forged. The trial court referred the matter to civil mediation. At the end of mediation, which was held on August 5, 2010, the parties executed a handwritten settlement agreement, which essentially provided that Appellant would accept the payment of $8,300.00 as full settlement; however, Appellant later questioned the existence and enforceability of the settlement agreement and refused to sign a release.

{¶3} The trial court held a hearing on September 24, 2010, regarding whether the agreement was enforceable and concluded it was. That same day, the trial court issued a judgment entry finding the parties agreed to settle all claims on the terms set forth in the handwritten settlement agreement and therefore upheld the August 5, 2010, settlement agreement, finding it to be valid and binding on all parties, and dismissed the matter

with prejudice. Specifically, the trial court's judgment entry included the following language:

"All claims in this matter having been resolved by said settlement agreement of the parties, this matter is hereby dismissed with prejudice *upon payment of the settlement amount*;[1] each party to bear their own costs. This Order is a final order. The clerk of courts should designate this case as terminated."

Further, the entry bears a stamp indicating it was a final, appealable order.

{¶4} Appellant filed a notice of appeal from the September 24, 2010, judgment entry; however upon motion of Appellee, this Court dismissed Appellant's original appeal for lack of a final, appealable order. In reaching this decision, we determined that because the judgment entry anticipated further action from Appellee – the payment of the settlement amount – the entry appealed from was not a final, appealable order, relying on *Colbert v. Realty X Corp.*, Cuyahoga App. 86151, 2005-Ohio-6726, in support.

{¶5} After accepting delivery of the settlement check on February 15, 2011,[2] Appellant filed a second notice of appeal on March 8, 2011, assigning the following errors for our review.

---

[1] The italicized phrase was handwritten into the judgment entry and initialed by the judge.

[2] The copy of the check contained in the record bears an issue date of September 24, 2010. The record further indicates that the check was not mailed to Appellant because Appellant requested he be able to pick the check up from Appellee's counsel's office. Appellee failed to pick the check up but apparently finally agreed to accept the check by mail in February. Our record on appeal further contains a "NOTICE OF FILING OF AN UNCASHED CHECK ISSUED BY CHASE BANK TO DENVER G. STURGILL" filed on March 11, 2011, which indicates that Appellant had received the check and it was being held in escrow pending resolution of the appeal.

## ASSIGNMENT OF ERROR

"I.     THE TRIAL COURT ERRED AS A MATTER OF LAW IN
        CONCLUDING THAT A SETTLEMENT HAD BEEN REACHED
        AMONG THE PARTIES.

II.     THE TRIAL COURT ERRED AS A MATTER OF LAW IN
        CONSIDERING THE MARCH 5, 2010 [SIC] AGREEMENT
        WITHOUT ALLOWING ANY DISCUSSION ABOUT THE
        AGREEMENT AT ISSUE PROVIDED FOR [SIC] A COOLING
        OFF PERIOD DURING WHICH CONSENT TO A SETTLEMENT
        CAN BE WITHDRAWN."

## LEGAL ANALYSIS

{¶6}   Before we reach the merits of Appellant's assignments of error, we once again must address an initial, threshold procedural matter related to whether the judgment entry before us constitutes a final appealable order. To be final and appealable, "[a] judgment entry must be worded in such a way that the parties do not need to refer to any other document to determine how the judgment affects their rights." *Downard v. Gilliland*, 4th Dist. No. 10CA2, 2011-Ohio-1783, ¶ 11. *See also Excel Mtge. Corp. v. Figetakis*, 9th Dist. No. 25273, 2011-Ohio-1351, ¶ 9 ("This Court has repeatedly held that a judgment entry that requires the parties to refer to other documents does not constitute a final, appealable order."); *Stumph Rd. Properties Co. v. Vargo*, 8th Dist. No. 89811, 2008-Ohio-1830, ¶ 13 ("[T]he judgment entry should be worded in such a manner that the parties need not refer to any other documents to determine the extent of their rights and obligations under

the judgment.").  Here, the September 24, 2010, Judgment Entry expressly

requires the parties to refer to the August 5, 2010, Settlement Agreement.  In

other words, without referring to the August 5, 2010, Settlement Agreement,

the parties cannot determine their respective rights and obligations.  Thus,

the September 24, 2010, Judgment Entry is not a final appealable order.

Accordingly, we must dismiss this appeal for lack of jurisdiction.

**APPEAL DISMISSED**.

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J. and Kline, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**