[Cite as *Huntington Natl. Bank v. Greer*, 2015-Ohio-3403.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

**THE HUNTINGTON NATIONAL BANK,**

    **PLAINTIFF-APPELLANT/**
    **CROSS-APPELLEE,**                 **CASE NO. 14-15-01**

    **v.**

**SHAWN M. GREER,**

    **DEFENDANT-APPELLEE/**
    **CROSS-APPELLANT,**
    **-and-**

**KELLY C. GREER, ET AL.,**              **O P I N I O N**

    **DEFENDANTS-APPELLEES/**
    **CROSS-APPELLEES.**

**Appeal from Union County Common Pleas Court**
**Trial Court No. 13-CV-0118**

**Appeal and Cross-Appeal Dismissed**

**Date of Decision: August 24, 2015**

**APPEARANCES:**

    *Kerin Lynn Kaminski and Rachael L. Israel* **for**
        **Appellant/Cross-Appellee**

    *Samir B. Dahman* **for Appellee/Cross-Appellant**

**ROGERS, P.J.**

{¶1} Plaintiff-Appellant/Cross-Appellee, The Huntington National Bank ("Huntington"), appeals the judgment of the Court of Common Pleas of Union County. On appeal, Huntington argues that the court erred by: (1) finding that Defendant-Appellee/Cross-Appellant, Shaun Greer, substantially performed under the terms of the settlement agreement; (2) finding that Huntington breached the settlement agreement; (3) awarding Greer attorney fees; (4) and failing to grant Huntington's claims for breach of the promissory note and for foreclosure. On his cross-appeal, Greer argues that the trial court erred by not awarding him lost profits he claims were a direct result of the foreclosure filing. For the reasons that follow, we dismiss the appeal and cross-appeal for lack of a final appealable order.

{¶2} Huntington filed a complaint for money and foreclosure on April 19, 2013. In the complaint, Huntington alleged that Greer had failed to make payments under a promissory note, secured by a piece of real property, held by Huntington. Further, Huntington alleged that Greer had breached a settlement agreement that was reached between the parties in a previous foreclosure action involving the same promissory note. Greer filed his answer on August 7, 2013. Greer was later permitted to file an amended answer to file a counterclaim, which was filed on October 10, 2013. In his counterclaim, Greer alleged, among other

claims, that Huntington had breached the settlement agreement reached in the first foreclosure action.

{¶3} The magistrate issued its decision on June 23, 2014. The magistrate recommended that judgment be entered in favor of Greer on all of Huntington's claims based on the finding that Huntington, and not Greer, had breached the settlement agreement. Further, the magistrate recommended that judgment be entered in favor of Greer on his counterclaim for breach of the settlement agreement, but that judgment be entered in favor of Huntington on Greer's other claims. Both parties filed objections to the magistrate's decision, and the trial court filed its decision on August 18, 2014. The court ordered a hearing on attorney fees, but did not issue an order on the remaining claims. The court awarded Greer attorney fees in the amount of $119,186.50 on December 22, 2014.

{¶4} Huntington and Greer filed these timely appeals, presenting the following assignments of error for our review.

### *Appellant/Cross-Appellee's Assignment of Error No. I*

**THE TRIAL COURT ERRED IN FINDING GREER SUBSTANTIALLY PERFORMED UNDER THE SETTLEMENT AGREEMENT; ABSENT GREER'S SUBSTANTIAL PERFORMANCE, HUNTINGTON IS ENTITLED TO JUDGMENT IN ITS FAVOR THAT GREER BREACHED THE SETTLEMENT AGREEMENT.**

*Appellant/Cross-Appellee's Assignment of Error No. II*

**THE TRIAL COURT ERRED IN FINDING THAT HUNTINGTON BREACHED THE SETTLEMENT AGREEMENT.**

*Appellant/Cross-Appellee's Assignment of Error No. III*

**THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES TO GREER WHERE THE SETTLEMENT AGREEMENT ITSELF DID NOT PROVIDE FOR THE PAYMENT OF FEES.**

*Appellant/Cross-Appellee's Assignment of Error No. IV*

**THE TRIAL COURT ERRED IN NOT GRANTING HUNTINGTON JUDGMENT ON ITS CLAIMS FOR BREACH OF THE PROMISSORY NOTE AND FOR FORECLOSURE.**

*Appellee/Cross-Appellant's Assignment of Error No. I*

**THE TRIAL COURT ERRED IN NOT AWARDING LOST PROFITS TO MR. GREER BECAUSE MR. GREER ESTABLISHED HIS PERSONAL LOST PROFITS WITH REASONABLE CERTAINTY.**

{¶5} Before we can reach the merits of either party's assignments of error, we must preliminarily decide whether the trial court's entry was a final, appealable order. The Ohio Court of Appeals is only vested with appellate jurisdiction over final and appealable orders. Ohio Constitution, Article IV, Section 3(B)(2). "If a judgment appealed is not a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed." *State v. O'Black*, 3d Dist. Allen No. 1-09-46, 2010-Ohio-192, ¶ 4. Moreover, this court is "bound to raise any

jurisdictional questions not raised by the parties." *Levinsky v. Boardman Twp. Civ. Serv. Comm.*, 7th Dist. Mahoning No. 04 MA 36, 2004-Ohio-5931, ¶ 26.

{¶6} This court has "interpreted Civ.R. 53 to require that when approving a magistrate's decision, the [trial] court must not only order that the findings of the magistrate have been adopted, but it must go one step further and enter its own judgment on the issues *originally submitted* to the court." (Emphasis sic.) *Motycka v. Motycka*, 3d Dist. Van Wert No. 15-2000-03, 2000 WL 1521205, *2 (Oct. 12, 2000), citing *Reiter v. Reiter*, 3d Dist. Hancock No. 5-98-32, 1999 WL 378354 (May 11, 1999). "Although the court need not 'parrot the magistrate's findings,' the court must, at the very least, address the issues and express the outcome and remedy in the underlying action." *Id.* "The content of the entry 'must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case.' " *Id.*, quoting *Walker v. Walker*, 9th Dist. Summit No. 12978, 1987 WL 15591, *2 (Aug. 5, 1987).

{¶7} Further, Civil Rule 54(A) provides: " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code. *A judgment shall not contain a recital of pleadings, the magistrate's decision in a referred matter, or the record of the proceedings.*" (Emphasis added.)

{¶8} Here, the trial court ruled on both parties' objections to the magistrate's decision, but the only "order" issued was to have a hearing on attorney fees. Thus, the court failed to address the other claims before it in its entry. "An order that leaves issues unresolved and contemplates further action is not a final appealable order." *Brotherwood v. Gonzalez*, 3d Dist. Mercer No. 10-06-12, 2006-Ohio-4551, ¶ 6, citing *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶ 4, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696 (4th Dist.2001). Thus, we find that the trial court's entry does not dispose of all the claims against both Huntington and Greer. Consequently, we lack jurisdiction to decide the merits of this case.

{¶9} Furthermore, this court notes its growing concern over trial court magistrates and their understanding of their role in the judicial system.

> Pursuant to Civil Rule 53, a magistrate may be appointed by a court of record to 'assist courts of record' to the limited extent of the authorization contained in the order of reference. 'Subject to the terms of the relevant reference, a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party.' Civ.R. 53(D)(2)(a)(i). Magistrates' orders are effective without further judicial action.
>
> However, the authority to issue a magistrate's order must be distinguished from a magistrate's decision, which '* * * is not effective unless adopted by the court.' Civ.R. 53(D)(4)(A).

(Footnote omitted.) *Roychoudhury v. Roychoudhury*, 3d Dist. Union No. 14-14-19, 2015-Ohio-2213, ¶ 25-26 (Rogers, P.J., concurring).

{¶10} "With increasing frequency this court has noticed magistrates' decisions, which are articulated in terms of authority and decisiveness, and which express an attitude of finality." *Id.* at ¶ 27. In this case, the magistrate's decision states eight times, in bold print and capitalized letters either: "It is therefore **ORDERED, ADJUDGED, AND DECREED**" or "It is further **ORDERED, ADJUDGED, AND DECREED**." (Emphasis sic.) (Docket No. 115, p. 11-12).

{¶11} Every member of the judicial system must understand and act accordingly with their position in the system. This includes magistrates. "To presume a higher authority, or even to convey an appearance of more authority, than that which is authorized by law and the Civil Rules causes participants in the legal system to question the role of the trial judge." *Roychoudhury* at ¶ 28 (Rogers, P.J., concurring). "The final responsibility lies with the trial judge, and no conduct should be permitted which allows anyone to question that role." *Id.*, citing *Vian v. Vian*, 3d Dist. Mercer No. 10-13-05, 2013-Ohio-4560, ¶ 54 (Rogers, J., concurring).

{¶12} Accordingly, for the aforementioned reasons, the appeal and cross-appeal are dismissed for lack of jurisdiction

*Appeal and Cross-Appeal*
*are Dismissed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**

-7-