[Cite as *Ettayem v. State Auto Ins. Cos.*, 2017-Ohio-8464.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ashraf A. Ettayem, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 17AP-377 |
| v. | : | (C.P.C. No. 16CV-795) |
| State Auto Insurance Companies, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 7, 2017

**On brief:** *Ashraf A. Ettayem*, pro se. **Argued:** *Ashraf A. Ettayem.*

**On brief:** *Garvey Shearer Nordstrom, PSC, Jennifer K. Nordstrom* and *David W. Zahniser*, for appellee. **Argued:** *David W. Zahniser.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Ashraf A. Ettayem, appeals a judgment of the Franklin County Court of Common Pleas that enforced an alleged settlement agreement between Ettayem and defendant-appellee, State Auto Insurance Companies ("State Auto"). Because we lack jurisdiction over this appeal, we dismiss it.

{¶ 2} On January 25, 2016, Ettayem filed a complaint against State Auto, the insurer of two of Ettayem's automobiles. Prior to filing suit, Ettayem had made claims under his insurance policy for damage to both automobiles. Ettayem alleged in his complaint that State Auto had not performed its obligations under the insurance policy

with regard to either automobile. Ettayem also alleged that State Auto had failed to fairly negotiate settlements of Ettayem's insurance claims. Based on these allegations, Ettayem asserted claims against State Auto for breach of contract and bad faith.

{¶ 3} After Ettayem filed suit, Ettayem and State Auto engaged in settlement negotiations. On January 8, 2017, State Auto moved for an order enforcing a settlement agreement it alleged the parties had reached in July 2016. In response, Ettayem contended that no settlement agreement existed because the parties never concurred on the terms of a release.

{¶ 4} The trial court granted State Auto's motion. In an order issued April 25, 2017, the trial court required Ettayem to (1) furnish State Auto with salvage titles for both automobiles involved in the case and (2) execute the release State Auto had filed with the court on March 6, 2017. The trial court also ordered State Auto to pay Ettayem $9,500 once it received the salvage titles and a signed, notarized release. Finally, the trial court stated, "Upon payment to [Ettayem] by [State Auto], [State Auto's] attorney shall notify the Court, and the Court will enter a dismissal order, with prejudice, of the lawsuit." (Apr. 25, 2017 Order Enforcing Settlement at ¶ 4.) Ettayem now appeals the April 25, 2017 order.

{¶ 5} Although neither party has questioned our jurisdiction over this appeal, our review of the April 25, 2017 order has prompted this court to suspect that we do not have a final, appealable order before us. In such a situation, we must sua sponte consider whether we possess the jurisdiction necessary to hear this appeal. *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544 (1997); *Leonard v. Huntington Bancshares, Inc.*, 10th Dist. No. 13AP-843, 2014-Ohio-2421, ¶ 8.

{¶ 6} Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." If the appealed judgment does not constitute a final, appealable order, an appellate court lacks jurisdiction to review it. *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶ 14. Consequently, in the absence of a final, appealable order, an appellate court must dismiss the appeal. *Browder v. Shea*, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 11.

{¶ 7}  To qualify as a final, appealable order, an order must satisfy the requirements of R.C. 2505.02.  *IBEW, Local Union No. 8 v. Vaughn Indus., L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 7.  Pursuant to R.C. 2505.02(B)(1), an order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment."  To determine an action and prevent a judgment for the party appealing, an order must dispose of the whole case or some separate and distinct branch thereof and leave nothing for the determination of the trial court.  *State ex rel. Bd. of State Teachers Retirement Sys. v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, ¶ 45.  An order that leaves issues unresolved and contemplates further action is not a final, appealable order.  *Id.*

{¶ 8}  An order enforcing a settlement agreement contemplates further action if it requires the parties to perform additional actions in furtherance of the settlement and termination of the underlying action.  *Renner, Otto, Boisselle, & Sklar, LLP v. Estate of Siegel*, 8th Dist. No. 101861, 2015-Ohio-1839, ¶ 16-17 (order contemplated further action where the trial court required the parties to file an entry of dismissal documenting the settlement); *Sturgill v. JPMorgan Chase Bank*, N.A., 4th Dist. No. 11CA7, 2012-Ohio-1087, ¶ 4 (order contemplated further action where the trial court required the payment of the settlement amount); *Brotherwood v. Gonzalez*, 3d Dist. No. 10-06-12, 2006-Ohio-4551, ¶ 8 (order contemplated further action where the trial court required payment of the settlement amount, issuance of a release, and submittal of a judgment entry of dismissal); *Colbert v. Realty X Corp.*, 8th Dist. No. 86151, 2005-Ohio-6726, ¶ 5 (order contemplated further action where the trial court required the parties to finalize the settlement terms and dates of payment).

{¶ 9}  Moreover, an order enforcing a settlement agreement does not dispose of the whole case or any branch thereof when it does not actually dismiss the claims against the settling party.  *Brotherwood* at ¶ 8; *Colbert* at ¶ 5.  Where an order enforcing a settlement agreement either contemplates further action or fails to dispose of the case or a branch thereof, that order does not qualify as a final, appealable order.  *Renner, Otto, Boisselle, & Sklar, LLP* at ¶ 16-17; *Sturgill* at ¶ 4; *Brotherwood* at ¶ 9; *Colbert* at ¶ 5.

{¶ 10} Here, in the April 25, 2017 order, the trial court required both parties to perform the terms of their alleged settlement agreement.  Additionally, the trial court did

not dismiss the action, but rather, contemplated issuing a dismissal after the parties completed their court-ordered obligations and informed the court of their compliance. For these two reasons, the April 25, 2017 order is not a final, appealable order.

{¶ 11} In the absence of a final, appealable order, we lack jurisdiction over this appeal.  Accordingly, we dismiss it.  Our resolution of this appeal renders moot Ettayem's motion to supplement the record and we decline to address it.

*Appeal dismissed;*
*motion to supplement the record moot.*

BROWN and SADLER, JJ., concur.

———————————