[Cite as *McCracken v. Lee*, 2020-Ohio-3125.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Nicholas McCracken<br>c/o Allen Kuehnle Stovall & Neuman LLP, | : | |
| | : | |
| Plaintiff-Appellee, | | Nos. 19AP-236 |
| | : | 19AP-553 |
| v. | | (C.P.C. No. 18CV-3294) |
| | : | |
| Frederick Lee, | | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellant, | : | |
| | | |
| Nicole Felter et al., | : | |
| | | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on May 28, 2020

**On brief:** *Allen Stovall Neuman Fisher & Ashton LLP*, *Todd H. Neuman*, and *Jeffrey R. Corcoran*, for appellee Nicholas McCracken. **Argued:** *Jeffrey R. Corcoran*.

**On brief:** *Stansbury Weaver, Ltd.*, and *Mark K. Stansbury*, for appellant Frederick Lee. **Argued:** *Mark K. Stansbury*.

APPEALS from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Defendant-appellant, Frederick Lee, appeals from two judgments of the Franklin County Court of Common Pleas that granted the motion to enforce settlement agreement of plaintiff-appellee, Nicholas McCracken, and denied Lee's motion for relief from judgment pursuant to Civ.R. 60(B). Because we lack jurisdiction over these appeals, we dismiss them.

{¶ 2}    In February 2016, McCracken and his ex-wife, Melissa Jackson, purchased an unregistered security/membership interest in defendant, Actual Brewing Company, LLC ("Actual Brewing") for $30,000. Subsequently, Jackson transferred her portion of the interest to McCracken. On July 3, 2017, McCracken and Actual Brewing entered into a loan agreement in which McCracken loaned Actual Brewing $20,000 and Actual Brewing would repay the loan by October 2017. The loan was not repaid, and McCracken demanded payment. Actual Brewing made a $1,000 repayment. On April 20, 2018, McCracken filed suit against Lee, Actual Brewing's manager and CEO, Nicole Felter, Actual Brewing's CFO, and Actual Brewing.

{¶ 3}    In December 2018, the parties began settlement talks through counsel. In the last offer, Lee's counsel sent the following e-mail: "Fred can do $20k now, plus $34k cognovit note due in 18 months from Actual and Fred." (Feb. 12, 2019 Mot. to Enforce Settlement Agreement, Ex. 1 at 3.) On February 1, 2019, McCracken accepted the offer and drafted a cognovit note and expected Lee's counsel to draft the settlement agreement. Lee's counsel assured McCracken's counsel that he would begin drafting the settlement agreement.

{¶ 4}    Subsequently, Lee was accused of sexually harassing numerous women. On February 8, 2019, Lee's counsel began preparing to file a Chapter 11 bankruptcy petition for Actual Brewing and informed McCracken they could no longer continue settlement discussions. On February 12, 2019, McCracken filed a motion to enforce settlement agreement in the trial court. The bankruptcy petition was filed in the Bankruptcy Court of the Southern District of Ohio, Eastern Division on February 14, 2019. The common pleas court was not informed of the bankruptcy filing and the automatic stay.

{¶ 5}    Lee, Felter, and Actual Brewing did not respond to McCracken's motion to enforce settlement agreement. On March 18, 2019, the trial court granted McCracken's motion to enforce settlement agreement and ordered the following:

> 1. Within seven days of this entry, Lee shall transfer the $20,000 held by his counsel in its trust account to the plaintiff. Lee shall also pay interest on this $20,000 obligation at the statutory rate running from February 1, 2019, until the $20,000 payment is made by Lee;

2. Within seven days of this entry, Actual Brewing and Lee shall execute the $34,000 cognovit promissory note attached hereto as Exhibit 1 ("Cognovit Note").

Dismissals With Prejudice; Release of Claims:

3. Within 14 days of receiving full payment in accordance with Paragraph 1 above and on the Cognovit Note, the plaintiff will file a notice of dismissal of this matter.

4. McCracken, as a part of the total settlement of all claims referenced herein, and for himself, his agents, employees, affiliates, representatives, heirs, beneficiaries, executors, administrators, successors, and assigns, does fully, finally and unconditionally release, acquit, and discharge the Defendants and their current and former employees, members, officers, shareholders, representatives, subsidiaries, affiliates, attorneys, successors, and assigns, without admitting any liability to the other but expressly denying any such liability, from any and all claims of any kind or nature whatsoever, whether based in statutory violation, contract, tort, or otherwise, as well as all claims, demands, damages, actions, causes of action, or suits of any kind or nature whatsoever, relating to the claims set forth in the Complaint.

[5.] This Entry shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

[6.] The Franklin County Court of Common Pleas, General Division shall retain jurisdiction of this matter only to the extent necessary to enforce the terms of this entry.

This entry resolves all claims by all parties in this matter.

(Mar. 18, 2019 Decision & Entry at 5-6.)

{¶ 6} On March 27, 2019, Actual Brewing filed a notice of the bankruptcy filing and suggestion of stay. On April 15, 2019, Lee filed a notice of appeal. Lee filed a motion for relief from judgment, pursuant to Civ.R. 60(B), in the trial court on June 26, 2019. On June 27, 2019, in this court, Lee filed a motion for stay and to remand the matter to the trial court for a ruling on the motion for relief from judgment, which was granted.

{¶ 7} Along with the Civ.R. 60(B) motion, Lee filed exhibits, including Felter's affidavit, in which Felter explained the $20,000 held in trust was used to pay for the bankruptcy filing expenses and legal fees in connection with filing the bankruptcy petition.

We recognize this information was not before the trial court at the time it ruled on the motion to enforce the settlement agreement.[1] The trial court denied Lee's motion for relief from judgment pursuant to Civ.R. 60(B). Lee filed an appeal from that judgment. This court consolidated the appeals.

{¶ 8} Lee assigns the following two assignments of error for our review:

1. The Trial Court erred by concluding that Appellant was liable to pay the $20,000 Trust Money.

2. The Trial Court erred by concluding the stay of the proceedings against Actual as a result of the Petition did not affect Appellant's liability for any amounts due under the settlement agreement.

{¶ 9} Initially, although neither party has questioned our jurisdiction over this appeal, our review of the March 16, 2019 decision and entry prompted this court to consider whether we have final, appealable orders. Appellate courts have a duty to sua sponte examine any deficiencies in jurisdiction. *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 8 (10th Dist.); *Price v. Jillisky*, 10th Dist. No. 03AP-801, 2004-Ohio-1221, ¶ 7.

{¶ 10} Under the Ohio Constitution, Article IV, Section 3(B)(2), this court's jurisdiction on appeal is limited to a review of final orders of trial courts. Final orders are those that "dispos[e] of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971). A trial court order is a final, appealable order only if it satisfies the requirements in R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Kellie Auto Sales, Inc. v. Hernandez*, 10th Dist. No. 19AP-462, 2020-Ohio-1516, ¶ 13. Pursuant to R.C. 2505.02(B)(1), an order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." If a trial court order leaves issues unresolved and contemplates further action then the order is not a final, appealable order. *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶ 4, citing *Bell v. Horton*, 142 Ohio App.3d 694, 696 (4th Dist.2001).

{¶ 11} In *Ettayem v. State Auto Ins. Cos.*, 10th Dist. No. 17AP-377, 2017-Ohio-8464, this court stated: "[a]n order enforcing a settlement agreement contemplates further action

---

[1] "Appellate review is limited to the record as it existed at the time the trial court rendered its judgment." *Wiltz v. Clark, Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 13. (Citations omitted.)

if it requires the parties to perform additional actions in furtherance of the settlement and termination of the underlying action."  *Id.* at ¶ 8, citing *Renner, Otto, Boisselle & Sklar, L.L.P. v. Estate of Siegel*, 8th Dist. No. 101861, 2015-Ohio-1839, ¶ 16-17.  In *Ettayem*, the plaintiff appealed from a trial court judgment that enforced an alleged settlement agreement.  The trial court's order required plaintiff to: (1) furnish defendant with salvage titles for the automobiles involved in the case, (2) execute the release defendant had previously filed with the trial court, (3) once defendant received the salvage titles and the completed release, defendant was to pay plaintiff $9,500, and (4) when the prior steps are completed, defendant's counsel shall notify the trial court and the trial court will enter a dismissal with prejudice.

{¶ 12} This court determined the order appealed from was not a final, appealable order for two reasons.  First, it was not final because the trial court order contemplated further action by the parties in furtherance of the settlement, and second because the trial court did not dismiss the action, but only contemplated issuing a dismissal after the parties completed their court-ordered obligations and informed the trial court of their compliance.  *Ettayem* at ¶ 10.  This court dismissed the appeal for lack of a final, appealable order.

{¶ 13} This court in *Ettayem* relied on several cases, including *Renner*.  In *Renner*, the trial court filed a 2011 entry that dismissed the case with prejudice, stating: "[u]pon advice of counsel case is hereby settled and dismissed with prejudice subject to a more definite journal entry to follow."  *Id*. at ¶ 8.  No agreement or further journal entry was ever filed with the court.  In 2014, the trial court dismissed the case.  The appellate court found that until the trial court entered the 2014 order that dismissed the case,  the issues were not ripe for appeal.  The first entry contemplated further action by the parties thus rendering it not a final, appealable order.

{¶ 14} A second case cited by *Ettayem* is *Brotherwood v. Gonzalez*, 3d Dist. No. 10-06-12, 2006-Ohio-4551.  In *Brotherwood*, the plaintiff appealed from a judgment finding that he and the defendant, through his insurer, entered into a binding settlement agreement regarding the wrongful death of plaintiff's decedents.  The trial court's entry provided that "this cause should be dismissed upon the payment of the policy limits of defendants' liability policy." *Id.* at ¶ 3.  Additionally, the trial court's entry provided that after defendant, through his insurer, paid plaintiff and after plaintiff had issued a release of liability, a judgment entry of dismissal was to be filed with the trial court.  Further, the trial

court's entry provided that if a judgment entry of dismissal was not received, the trial court would hold a hearing. Since the trial court entry left issues unresolved and contemplated further action, the appellate court dismissed the appeal as lacking a final, appealable order.

{¶ 15} Further, the *Ettayem* decision cited *Colbert v. Realty X Corp.*, 8th Dist. No. 86151, 2005-Ohio-6726, where the trial court entry granting a motion to enforce a settlement agreement provided: "[m]otion to enforce settlement agreement is granted. Parties are ordered to finalize terms and dates of payment within 30 days of this order or face show cause hearing for failure to comply. Final. Costs of [sic] defendant. This court retains jurisdiction over all post-judgment motions." *Id.* at ¶ 3. The appellate court found the judgment order was not a final, appealable order where it required the parties to finalize settlement terms, dates of payment, and did not dispose of any claim by any party. Thus, without a final, appealable order, the appellate court dismissed the appeal.

{¶ 16} In this case, the March 18, 2019 entry required Lee to transfer the $20,000 held in trust, Lee and Actual Brewing to execute the $34,000 cognovit promissory note, and within 14 days of payment and execution of the cognovit note, McCracken was required to file a notice of dismissal of this matter. The entry contemplated further action by the parties and did not actually dismiss the claims against the defendants. In *Ettayem* at ¶ 9, this court stated, as follows:

> [A]n order enforcing a settlement agreement does not dispose of the whole case or any branch thereof when it does not actually dismiss the claims against the settling party. *Brotherwood* at ¶ 8; *Colbert* at ¶ 5. Where an order enforcing a settlement agreement either contemplates further action or fails to dispose of the case or a branch thereof, that order does not qualify as a final, appealable order. *Renner, Otto, Boisselle, & Sklar, LLP* at ¶ 16-17; *Sturgill* [*v. JPMorgan Chase Bank, N.A.*, 4th Dist., No. 11CA7, 2012-Ohio-1087] at ¶ 4; *Brotherwood* at ¶ 9; *Colbert* at ¶ 5.

{¶ 17} The March 18, 2019 entry granting the motion to enforce settlement agreement is not a final, appealable order.

{¶ 18} Lee also filed an appeal from the trial court's denial of his motion for relief from judgment pursuant to Civ.R. 60(B). Generally, a decision denying a Civ.R. 60(B) motion is a final, appealable order. *Smith v. Williams*, 10th Dist. No. 09AP-732, 2010-Ohio-1381, ¶ 29. However, a Civ.R. 60(B) motion is proper only with respect to final

judgments. In other words, the order to which the Civ.R. 60(B) is directed and seeks relief from must first be a final, appealable order, and if it is not, then the judgment denying the Civ.R. 60(B) motion is not final. *Straquadine v. Crowne Point Care Ctr.*, 10th Dist. No. 10AP-607, 2012-Ohio-1152, ¶ 11, quoting *Safe Auto Ins. Co. v. Perry*, 10th Dist. No. 00AP-722 (Jan. 25, 2001), quoting *Wolf v. Associated Materials*, 5th Dist. No. 00C0A01350 (Aug. 15, 2000) (" ' "However, this rule presumes that the underlying order under challenge by a movant's Civ.R. 60(B) motion is, itself, a final appealable order." ' ").

{¶ 19} In *Straquadine*, this court held that the trial court's order involuntarily dismissing the appellants' complaint without prejudice was not a final, appealable order. Therefore, the order denying the appellants' Civ.R. 60(B) motion for relief from that dismissal order was also not a final, appealable order.

{¶ 20} In *Jack Maxton Chevrolet, Inc. v. Hanbali*, 10th Dist. No. 15AP-816, 2016-Ohio-1244, this court held that the trial court's decision denying the appellants' Civ.R. 60(B) motion to vacate the default judgment entry was not a final, appealable order because the default judgment was not a final, appealable order.

{¶ 21} Thus, given these facts, because the trial court's March 18, 2019 order enforcing the settlement agreement was not a final order, the judgment denying the Civ.R. 60(B) motion was also not a final, appealable order. Accordingly, this court lacks jurisdiction and the appeals must be dismissed for lack of final, appealable orders.

{¶ 22} In the absence of final, appealable orders, we lack jurisdiction over these appeals. Accordingly, we dismiss these appeals.

*Appeals dismissed.*

SADLER, P.J., and LUPER SCHUSTER, J., concur.