**[Cite as *Bushong v. Bushong*, 2026-Ohio-1573.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mark A. Bushong, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 25AP-669 |
| v. | : | (C.P.C. No. 13DR-3755) |
| Christina M. Bushong, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 30, 2026

**On brief:** *Hillard M. Abroms*, for appellant.
**Argued:** *Hillard M. Abroms*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

LELAND, J.

{¶ 1} Defendant-appellant Christina M. Bushong challenges the July 21, 2025 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that denied her Civ.R. 60(B) motion for relief from judgment.

I. **Facts and Procedural History**

{¶ 2} On October 9, 2013, plaintiff-appellee Mark A. Bushong filed a complaint for divorce from appellant. Later, on December 11, 2014, the parties filed a motion for shared parenting, a shared parenting plan, and a decree of shared parenting. On February 27, 2015, the parties entered into an agreed entry for a decree of divorce. About six years later, on March 2, 2021, appellee moved to modify the shared parenting plan. The parties eventually filed an amended shared parenting plan, causing the court on March 16, 2022 to enter an agreed judgment entry reflecting the parties' points of agreement. On December 12, 2022, however, appellee filed a Civ.R. 60(B) motion for relief from judgment,

alleging appellant failed to fully disclose her income for purposes of calculating child support. The trial court held a hearing on appellee's Civ.R. 60(B) allegations on August 29, 2023 and ordered the magistrate to recalculate child support using complete income information. On November 17, 2023, the parties in a memorandum of agreement stipulated to the income levels to be used in the child support calculation. The memorandum of agreement contained the following provision: "PURSUANT TO CIVIL RULE 41(B)(1), YOU ARE HEREBY GIVEN NOTICE THAT THE PENDING MATTERS WILL BE DISMISSED UNLESS THE ENTRY JOURNALIZING THIS AGREEMENT AND ALL OTHER REQUIRED DOCUMENTS (WITHHOLDING ORDERS, GUIDELINES, ETC.) ARE RECEIVED BY 12/18/23." (Emphasis in original.) (Nov. 17, 2023 Memo of Agreement.)

{¶ 3} The magistrate's decision resolving the child support issue was dated January 26, 2024, yet it first appeared on the record attached to the February 6, 2024 trial court judgment entry adopting the magistrate's decision. Neither party filed objections to the magistrate's decision. On March 28, 2025, appellant filed a Civ.R. 60(B) motion for relief from judgment from the trial court's February 6, 2024 entry adopting the magistrate's decision. On July 21, 2025, the court denied appellant's March 28, 2025 Civ.R. 60(B) motion. Appellant filed her notice of appeal on August 19, 2025, indicating she was appealing the court's July 21, 2025 entry.

{¶ 4} Additionally, appellee filed a motion for contempt on May 27, 2024. The magistrate granted the motion in a decision dated June 10, 2025, and the court adopted the magistrate's decision on June 24, 2025. Neither party filed objections to the magistrate's decision. On July 9, 2025, appellant filed a Civ.R. 60(B) motion for relief from judgment from the court's adoption of the magistrate's decision. The Civ.R. 60(B) motion is pending in the court below.

{¶ 5} Appellant's notice of appeal cited only the court's July 21, 2025 entry that denied her March 28, 2025 Civ.R. 60(B) motion.

## II. Assignments of Error

{¶ 6} Appellant assigns the following as errors for our review:

> [I.] The trial court abused its discretion and committed prejudicial error by proceeding in judgment in a matter for which the Court had no jurisdiction due to an unconditional dismissal by virtue of the specific language of the memorandum of agreement of November 17, 2023.

[II.] The trial court abused its discretion and committed prejudicial error by adopting the Magistrate's June 10, 2025, decision for which neither Defendant nor Defendant's counsel was notified/served and was not lawfully journalized on the clerk's docket.

## III. Discussion

{¶ 7} In her first assignment of error, appellant contends the trial court erred by issuing a judgment after the court purportedly lost jurisdiction over the case by operation of the November 17, 2023 memorandum of agreement. Although the memorandum of agreement at issue referenced the case's dismissal in the event the parties failed to meet certain conditions, the court did not file a judgment entry dismissing the case prior to entering a final judgment. Typically, a court must file a judgment entry of dismissal to formally dismiss a case. *See* Civ.R. 41(A)(2); Civ.R. 58(A); *Centofanti v. Wayne Homes*, 2012-Ohio-4116, ¶ 28-29 (7th Dist.); and *Ettayem v. State Auto Ins. Cos.*, 2017-Ohio-8464, ¶ 10 (10th Dist.) ("[T]he trial court did not dismiss the action, but rather, contemplated issuing a dismissal after the parties completed their court-ordered obligations and informed the court of their compliance."). A narrow exception is Civ.R. 41(A)(1), which allows a plaintiff to initiate a self-executing dismissal—but this is inapplicable in the present case because appellee did not attempt to voluntarily dismiss the case. *See Murphy v. Ippolito*, 2002-Ohio-3548, ¶ 5 (8th Dist.). Thus, without a judgment entry dismissing the case, the trial court retained jurisdiction and did not err by proceeding to final judgment. Accordingly, we overrule the first assignment of error.

{¶ 8} In her second assignment of error, appellant argues the court erred by adopting the magistrate's June 10, 2025 decision. The notice of appeal, however, does not include the June 24, 2025 judgment adopting the June 10, 2025 magistrate's decision and instead lists only the July 21, 2025 judgment. In other words, appellant appealed only the judgment relating to the child support issue, and failed to appeal the judgment relating to the contempt issue.

{¶ 9} "The notice of appeal . . . shall designate the judgment, order or part thereof appealed from." App.R. 3(D). The only jurisdictional requirement for a valid appeal is that appellant timely files the notice of appeal. App.R. 3(A); *J.V.C.-N. v. M.P.D.*, 2012-Ohio-1418, ¶ 20 (10th Dist.), citing *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320 (1995),

syllabus. " 'When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted.' " *J.V.C.-N.* at ¶ 20, quoting *Transamerica Ins. Co.* at syllabus.

{¶ 10} Here, appellant filed a timely notice of appeal from the July 21, 2025 judgment, but she did not file a timely notice of appeal from the June 24, 2025 judgment adopting the June 10, 2025 magistrate's decision. The notice of appeal, therefore, "did not properly apprise the opposite part[y] of the nature of the appeal." *Transamerica Ins. Co.* at 324. "Unlike a case where the notice of appeal was vague and could have only been intended to reference one judgment, . . . the notice of appeal in this case was expressly sought to appeal from one judgment to the exclusion of another." *J.V.C.-N.* at ¶ 22. While appellee was certainly on notice of appellant's intent to appeal the trial court's July 21, 2025 judgment, appellant provided no indication whatsoever that her appeal would challenge the June 24, 2025 judgment. For that reason, we conclude appellant failed to file a timely notice of appeal as to the June 24, 2025 judgment, leaving this court without jurisdiction to review that particular judgment. Accordingly, we overrule the second assignment of error.

## IV. Conclusion

{¶ 11} Having overruled both assignments of error, we affirm the July 21, 2025 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

BOGGS, P.J., and JAMISON, J., concur.