[Cite as *Ander v. Clark*, 2014-Ohio-4449.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michelle Ander et al., | : | |
| Plaintiffs-Appellants, | : | No. 14AP-426 |
| | | (C.P.C. No. 14CV-753) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Todd Clark, O.D. et al., | : | |
| Defendants-Appellees. | : | |

### D E C I S I O N

### Rendered on October 7, 2014

*Donahey Defossez & Beausay*, **and** *T. Jeffrey Beausay*, **for appellants.**

*Freund, Freeze & Arnold*, **and** *Mark A. MacDonald*, **for appellees.**

### APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiffs-appellants, Michelle and Tom Ander, appeal from a decision and entry of the Franklin County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss of defendants-appellees, Todd Clark, O.D. and Image Optical, LLC. For the reasons that follow, we reverse and remand with instructions to vacate.

## I. Facts and Procedural History

{¶ 2} On October 21, 2013, appellants filed a complaint for optometric negligence against appellees (the "first complaint"). The complaint alleged Dr. Clark, a licensed optometrist, recognized an abnormality in Michelle's eyes known as "Kruckenberg spindles" in July 2003 but failed to perform any additional studies or refer Michelle to an

ophthalmologist.   As a result of Dr. Clark's alleged negligence, the complaint further alleged Michelle did not receive a correct diagnosis and treatment for glaucoma until November 2012 when Michelle sought treatment from another optometrist.  Further, the complaint alleged Michelle suffered permanent loss of vision caused by Dr. Clark's alleged negligence.

{¶ 3}   Dr. Clark and his employer, Image Optical, LLC, filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, arguing appellants' complaint was barred by the four-year statute of repose in R.C. 2305.113(C). The trial court granted appellees' motion to dismiss and appellants appealed the dismissal to this court.  *Ander v. Clark*, 10th Dist. No. 14AP-65, 2014-Ohio-2664.

{¶ 4}   On January 23, 2104, the same day appellants filed their notice of appeal in *Ander* and before this court rendered a decision in *Ander*, appellants filed a new complaint in the trial court (the "second complaint").  The second complaint again asserted claims for optometric negligence and for loss of consortium, but included additional dates of continued treatment with Dr. Clark: July 31, 2003, September 15, 2005, October 19, 2007, May 12, and July 11, 2011.  Appellees responded with a February 20, 2014 motion to dismiss the second complaint, this time arguing both the statute of repose in R.C. 2305.113(C) and res judicata barred appellants' second complaint.  In a May 13, 2014 decision and entry, the trial court granted appellees' Civ.R. 12(B)(6) motion to dismiss the second complaint.  The trial court concluded that although the statute of repose was not a bar to the second claims, the dismissal of the first complaint was a decision on the merits, so res judicata operated to bar the second complaint.  On May 27, 2014, appellants filed a timely notice of appeal.

{¶ 5}   On June 19, 2014, after appellants filed their notice of appeal from the dismissal of their second complaint, but before the parties filed their briefs, this court issued its decision in *Ander*.  On appeal, we determined dismissal of appellants' first complaint was premature because the complaint did not specify when the alleged negligence took place.  *Ander* at ¶ 8.  We recognized that "further discovery might show the claim to be time barred, but at this stage of the litigation it cannot be said that [Michelle] can prove no set of facts entitling her to recovery."  *Id.* at ¶ 10.  Accordingly, we reversed and remanded to the trial court for further proceedings.

{¶ 6}   Following our decision in *Ander*, appellants filed their merit brief for their appeal of the dismissal of their second complaint on June 26, 2014, and appellees filed a responsive brief on July 2, 2014.

## II. Assignment of Error

{¶ 7}   Appellants assign the following assignment of error for our review:

> The lower court erred in dismissing [appellants'] complaint pursuant to Civ.R. 12(B)(6) on the basis of res judicata.

## III. Appeal is Moot

{¶ 8}   In their sole assignment of error, appellants argue the trial court erred in dismissing their second complaint.  However, after appellants filed their notice of appeal but before they filed their merit brief in this matter, this court issued our opinion in *Ander* reversing the dismissal of appellants' first complaint.  Because that matter has been remanded to the trial court for further proceedings, both parties agree that this appeal is now moot.  Nonetheless, appellants ask the court to reverse and remand the decision below.

{¶ 9}   An action is moot when it involves " ' "no actual genuine, live controversy, the decision of which can definitely affect existing legal relations." ' " *State ex rel. Lancaster School Dist. Support Assn. v. Bd. of Edn. Lancaster City School Dist.*, 10th Dist. No. 06AP-305, 2006-Ohio-5520, ¶ 12, quoting *Lingo v. Ohio Cent. RR., Inc.*, 10th Dist. No. 05AP-206, 2006-Ohio-2268, ¶ 20, quoting *Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11.  As relevant here, an action is moot "when a litigant receives the relief sought before the completion of the lawsuit."  *Robinson v. Indus. Comm.*, 10th Dist. No. 04AP-1010, 2005-Ohio-2290, ¶ 6.

{¶ 10}   The relief appellants seek here is the ability to proceed on the merits of their claims against appellees.  This court's decision in *Ander* reversing the dismissal of the first complaint and remanding to the trial court for further proceedings provides appellants with that relief.  However, the decision below dismissing the second complaint due to res judicata could arguably limit or even bar review on the merits of the first complaint, rendering the relief granted to appellants in *Ander* less than the complete relief they seek.

{¶ 11}  Because allowing the trial court's decision and entry dismissing the second complaint on grounds of res judicata to stand could have an adverse effect on the

proceedings on remand in *Ander,* we therefore reverse the decision and entry dismissing the second complaint and remand with instructions to vacate the decision and entry. On remand, the parties can file the appropriate motions to consolidate the second complaint with the remanded complaint in *Ander.*

**IV. Disposition**

{¶ 12} Based on the foregoing reasons, we reverse and remand this matter to the Franklin County Court of Common Pleas with instructions to vacate the decision and entry dismissing appellants' second complaint.

*Judgment reversed;*
*cause remanded with instructions.*

BROWN and KLATT, JJ., concur.