[Cite as *Ettyem v. State Auto Ins. Cos.*, 2019-Ohio-2086.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ashraf A. Ettayem, | : | |
| Plaintiff-Appellant, | : | No. 18AP-745 |
| v. | : | (C.P.C. No. 16CV-795) |
| State Auto Insurance Companies, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 28, 2019

*Ashraf A. Ettayem*, pro se.

*Garvey Shearer Nordstrom, PSC, Jennifer K. Nordstrom,* and
*David W. Zahniser*, for appellee.

ON MOTION TO DISMISS

SADLER, J.

{¶ 1} Plaintiff-appellant, Ashraf A. Ettayem, appeals from a judgment of the Franklin County Court of Common Pleas enforcing a settlement agreement between Ettayem and defendant-appellee, State Auto Insurance Companies ("State Auto"). For the reasons that follow, we dismiss Ettayem's appeal.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On January 25, 2016, Ettayem filed a complaint against State Auto, the insurer of two of Ettayem's automobiles, alleging State Auto breached the contract of insurance and acted in bad faith when it failed to fairly negotiate settlements of Ettayem's insurance claims. The trial court issued a judgment entry enforcing an alleged settlement agreement between Ettayem and State Auto, and Ettayem appealed to this court.

{¶ 3}   In *Ettayem v. State Auto Ins. Cos.*, 10th Dist. No. 17AP-377, 2017-Ohio-8464, this court dismissed Ettayem's appeal from the trial court's April 25, 2017 order enforcing the parties' settlement agreement due to the absence of a final, appealable order. *Id.* at ¶ 11. This court reasoned that until the trial court "issue[d] a dismissal after the parties completed their court-ordered obligations and informed the court of their compliance, * * * the April 25, 2017 order is not a final, appealable order." *Id.* at ¶ 10.

{¶ 4}   On remand, the trial court issued a "Third Order Enforcing Settlement" on July 19, 2018. Therein, the trial court ordered Ettayem to furnish State Auto with a copy of the salvage title obtained for his 2000 Honda Odyssey and execute the release proposed and filed by State Auto on March 6, 2017 in front of a notary. The court ordered State Auto to pay Ettayem $9,500 in complete settlement of this case, on presentation to State Auto by Ettayem of a copy of the salvage title on the 2000 Honda Odyssey, and the original signed and notarized release. The trial court further ordered "[u]pon payment to [Ettayem] by [State Auto], [State Auto's] attorney shall notify the Court, and the Court will enter a dismissal order, with prejudice, of the lawsuit."

{¶ 5}   On August 28, 2018, the trial court issued a judgment entry, which provides, in relevant part, as follows:

> Pursuant to the Court's Order issued on July 19, 2018, and after receiving notification that [Ettayem] has been paid and has accepted the settlement monies, the above-captioned matter is hereby **DISMISSED** with prejudice.

(Emphasis sic.)

{¶ 6}   Ettayem timely appealed to this court from the trial court's August 28, 2018 judgment. On October 18, 2018, State Auto moved the court to dismiss the appeal due to mootness. On October 31, 2018, this court issued a journal entry referring the case to a magistrate as follows:

> [State Auto's] October 18, 2018 motion to dismiss this appeal raises the issue of mootness. [State Auto] asserts that the parties entered into a settlement that led to the trial court's final order dismissing the case with prejudice. Due to the absence of pertinent documents in the trial court record to establish the final execution of the alleged settlement, resolution of the mootness issue requires admission of new evidence on appeal. * * * Accordingly the matter is hereby referred to [a] Magistrate * * * pursuant to App.R.34(B). *The*

> *magistrate will conduct an evidentiary hearing to establish whether the appeal is mooted by [Ettayem's] acceptance of settlement proceeds and execution of a release.* Briefing of the merits of the appeal shall be stayed pending the court's decision addressing [State Auto's] motion to dismiss.
>
> [State Auto's] concurrent motion for an order requiring [Ettayem] to post an appellate bond is denied.

(Emphasis added.)

{¶ 7} As a result of a non-oral hearing on November 30, 2018, the magistrate admitted into evidence a copy of the notarized release executed by Ettayem (Ex. 1-A) and a copy of the settlement check cashed by Ettayem (Ex. 2-A). On December 28, 2018, the magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate concluded as follows:

> [T]he supplemental evidence establishes that *the settlement* under the terms ordered by the trial court, incorporating essential terms agreed-to by the parties, *has been fully executed.* It is the magistrate's decision that the matter has become moot, this court lacks jurisdiction, and the court grant[s] State Auto's motion to dismiss the appeal.

(Emphasis added.) (App'x at ¶ 50.)

{¶ 8} On January 11, 2019, Ettayem filed an objection to the magistrate's decision. In his objection, Ettayem does not deny that he executed the release and negotiated the settlement check as the magistrate determined. Rather, Ettayem argues he did not voluntarily settle and release his claims against State Auto.[1]

## II. LEGAL ANALYSIS

{¶ 9} Preliminarily, we note Ettayem's argument regarding the voluntariness of the settlement is the issue Ettayem has raised in his appeal from the trial court's judgment in this case. However, the issue we submitted to the magistrate was whether, as alleged in State Auto's motion, Ettayem mooted his appeal by accepting settlement proceeds and executing a release. The magistrate concluded Ettayem's appeal was rendered moot by his full execution of the settlement. We agree with the magistrate.

{¶ 10} In *Sturgill v. JPMorgan Chase Bank, N.A.*, 4th Dist. No. 11CA7, 2012-Ohio-1087 ("*Sturgill I*"), appellant/account holder filed suit against the bank alleging the bank

---

[1] The crux of Ettayem's argument on appeal is that he did not intend to settle and release his "bad faith" and "fair dealing" claims against State Auto for the sum of $9,500. (Jan. 11, 2019 Objs.to Mag. Decision at 6.)

improperly paid several checks over forged endorsements. The trial court issued a judgment entry upholding a settlement agreement between appellant and appellee bank and dismissing appellant's complaint with prejudice.

{¶ 11} On appeal, appellant argued the trial court erred in finding that a settlement had been reached and failing to observe the required "cooling off period" before entering judgment. *Id.* at ¶ 1. The Fourth District Court of Appeals dismissed appellant's appeal for the lack of a final, appealable order because the judgment entry was worded in such a way the parties could not determine their respective rights and obligations without referring to the settlement agreement. *Id.* at ¶ 6. In so doing, the court of appeals noted appellant had the following options in order to preserve an appeal of any trial court judgment on remand: "Mr. Sturgill can accept but not cash the check from the Bank * * * [or] Mr. Sturgill can find an escrow agent to hold the money until an appeal is concluded." *Sturgill v. JPMorgan Chase & Co.*, 4th Dist. No. 12CA8, 2013-Ohio-688, ¶ 8 ("*Sturgill II*").

{¶ 12} On remand, the trial court issued a judgment entry finding appellant agreed to settle and release all claims against appellee in exchange for the agreed on settlement amount of $8,300, appellee delivered to appellant its settlement check in that amount, and appellee cashed the check. Based on these findings, the trial court dismissed appellant's complaint with prejudice. *Id.* at ¶ 6. Again, appellant appealed.

{¶ 13} The appellate court dismissed the appeal on finding that "appellant's cashing of the settlement check in the amount of $8,300.00, which represents the full amount of the judgment, caused him to forfeit his right to appeal, thereby rendering his appeal moot." *Id.* at ¶ 10. The court reasoned that appellant's voluntary acceptance of the payment of the entire judgment and specifically his act of cashing the check, rather than placing it in escrow, rendered his appeal moot. *Id.* at ¶ 12. The court further found that accord and satisfaction did not apply because the amount owed was the undisputed amount of the judgment. Thus, the fact that appellant cashed the settlement check "under protest" did not preserve the appeal. *Id.* at ¶ 11-12.

{¶ 14} Here, as was the case in *Sturgill II*, Ettayem accepted the payment from State Auto and negotiated the check rather than simply holding the check or depositing the check into escrow pending his appeal. Ettayem's voluntary act of cashing the settlement check in the amount of $9,500, which represents the full amount of the settlement, rendered his

appeal moot. *Sturgill II* at ¶ 10. *See also Horen v. Summit Homes*, 6th Dist. No. WD-04-001, 2004-Ohio-2218 (appellant forfeited his right to appeal by accepting and cashing a check from the opposing party representing the full amount of the judgment); *Davis v. Davis*, 10th Dist. No. 01AP-606 (Dec. 13, 2001) (appeal dismissed as moot where appellant indicated at oral argument that her obligations under the settlement agreement had been satisfied). Because the evidence also shows that Ettayem negotiated the settlement check without a reservation of rights, his appeal would be moot even if Ettayem's argument on appeal could be construed as a dispute over the amount of the settlement. *Sturgill II* at ¶ 11. *See also* R.C. 1301.308 (providing for performance or acceptance under a reservation of rights).

{¶ 15} Based on the foregoing, we agree with the magistrate that Ettayem fully executed the settlement agreement when he negotiated the check from State Auto. We also agree with the magistrate's conclusion that Ettayem's appeal was rendered moot by full execution of the parties' settlement. *Sturgill II*; *Horen*; *Davis.* Had Ettayem wished to preserve his argument regarding the voluntariness of the settlement, for purposes of appeal, he could have either placed the uncashed check in escrow pending his appeal or held the check without cashing it, but he did neither. *Sturgill II* at ¶ 11.

{¶ 16} We note the magistrate also made findings regarding the voluntariness of the settlement and concluded the trial court did not abuse its discretion by enforcing the settlement. However, because those findings and conclusion are unnecessary to determine the merits of State Auto's motion to dismiss and are, therefore, beyond the scope of the order of reference, we shall not adopt those findings and conclusion as our own.

## III. CONCLUSION

{¶ 17} Following an independent review of the magistrate's decision and the objection filed by Ettayem, we find the magistrate has determined the pertinent facts and properly applied the relevant law with the exceptions noted herein. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law as herein modified. For the reasons set forth in the magistrate's decision and those

additional reasons expressed herein, Ettayem's objection is overruled, State Auto's motion to dismiss is granted, and the appeal is dismissed.

*Motion granted*;
*appeal dismissed.*

KLATT, P.J., and NELSON, J., concur.
_____

APPENDIX

# IN THE COURT OF APPEALS OF OHIO

# TENTH APPELLATE DISTRICT

Ashraf A. Ettayem,                                    :

      Plaintiff-Appellant,                          :

v.                                                              :                    No. 18AP-745
                                                                                  (C.P.C. No. 17CV-795)

State Auto Insurance Companies,                :                    (ACCELERATED CALENDAR)

      Defendant-Appellee.                        :

---

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on December 28, 2018

---

*Ashraf A. Ettayem*, pro se.

*Garvey Shearer Nordstrom, PSC*, *Jennifer K. Nordstrom,* and
*David W. Zahniser*, for appellee.

---

**APPEAL from the Franklin County Court of Common Pleas**
**ON MOTION TO DISMISS**

{¶ 18} Defendant-appellee, State Automobile Insurance Company, has moved to dismiss this appeal on the basis that plaintiff-appellant, Ashraf A. Ettayem, has entered into a settlement of all his claims against State Auto, accepted payment from State Auto pursuant to that settlement, and executed a comprehensive release from liability in favor of State Auto.

{¶ 19} The court referred the matter to a magistrate pursuant to App.R. 34(B) to develop additional evidence and render a decision determining whether the matter is moot and the court lacks jurisdiction over the appeal.

{¶ 20} The matter was submitted to the magistrate on November 30, 2018 on the memoranda of the parties and documentary evidence to supplement the record.

Findings of Fact:

{¶ 21}  1. Ettayem maintained auto insurance with State Auto and submitted claims for two different vehicles. Dissatisfied with the amounts offered by State Auto in compensation for his losses, Ettayem engaged in unsuccessful negotiations with his insurer.

{¶ 22}  2.  Ettayem filed his complaint in the Franklin County Court of Common Pleas against State Auto on January 25, 2016, bringing claims for breach of contract and bad faith.

{¶ 23}  3.  The complaint factually alleges that Ettayem's two vehicles were damaged in separate accidents, one occurring on January 23, 2014 and the other on August 20, 2015.

{¶ 24}  4.  The complaint alleges that State Auto failed to perform its obligations under the insurance policy and failed to fairly negotiate settlement of the two accident claims.

{¶ 25}  5.  State Auto filed its answer on February 26, 2016 denying Ettayem's claims.

{¶ 26}  6.  The parties engaged in settlement negotiations, and, by July 27, 2016, State Auto believed that the parties had agreed on a settlement to all claims.

{¶ 27}  7.  The July 2016 settlement agreement eventually fell through due to a disagreement over the terms of the release to be executed by Ettayem in favor of State Auto.

{¶ 28}  8.  On January 6, 2017, State Auto filed a motion to enforce settlement.

{¶ 29}  9.  On February 16, 2017, the trial court entered an order granting State Auto's motion to enforce settlement. The court ordered Ettayem to furnish State Auto with copies of salvage titles for the two vehicles, and ordered Ettayem to either execute the release as submitted by State Auto or submit a proposed release with Ettayem's preferred terms by February 24, 2017.

{¶ 30}  10.  The parties again disagreed over the release terms, and, on April 25, 2017, the trial court issued a second order enforcing settlement.  This order again required Ettayem to furnish State Auto with copies of the salvage titles.  It also ordered State Auto to

pay Ettayem $9,500 in settlement of all claims, and Ettayem to execute the release as originally submitted by State Auto.

{¶ 31} 11.  Ettayem did not comply with the trial court's February 16 or April 25, 2017 orders enforcing settlement, instead filing a notice of appeal to this court.

{¶ 32} 12.  On November 9, 2017, this court dismissed Ettayem's initial appeal for lack of a final appealable order. *Ettayem v. State Auto Ins. Companies*, 10th Dist. No. 17AP-377, 2017-Ohio-8464.

{¶ 33} 13.  On December 20, 2017, State Auto filed a motion to dismiss in the trial court based on the agreed and enforced settlement orders.

{¶ 34} 14.  On January 3 and 4, 2018, Ettayem filed motions to vacate and stay in the trial court.

{¶ 35} 15.   On February 23, 2018, the trial court entered a decision denying Ettayem's prior motions to vacate the court's orders enforcing settlement and denying State Auto's motion to dismiss the case.  The trial court noted that Ettayem had yet to comply with the previous orders enforcing settlement by furnishing vehicle titles and executing the release.

{¶ 36} 16.  On July 19, 2018, the trial court entered its third order enforcing settlement in the matter, pursuant to a show cause hearing held on May 31, 2018.  The trial court ordered Ettayem to produce salvage title for one vehicle within ten days, and dispensed him from producing a salvage title for the second vehicle, which had been declared a junk motor vehicle that was no longer in the stream of commerce.  The trial court further ordered that Ettayem would have ten days from the date of the order to execute the release proposed by State Auto and previously approved by the trial court.  Finally, the court ordered State Auto to pay Ettayem $9,500 in complete settlement of the case.

{¶ 37} 17. On August 14, 2018, Ettayem filed a "Plaintiff's Acknowledgment Receipt of Settlement Payment and Record Filing Notice," acknowledging receipt of the settlement

payment but not specifically acknowledging that Ettayem had executed the associated release.

{¶ 38} 18.  On August 28, 2018, the trial court entered an order dismissing the matter with prejudice based on Ettayem's acceptance of payment in settlement.

{¶ 39} 19.  Ettayem timely filed his notice of appeal to this court on September 28, 2018.

{¶ 40} 20.  State Auto filed its motion to dismiss the appeal on the grounds of mootness on October 18, 2018.

{¶ 41} 21.  Ettayem filed his memorandum contra the motion to dismiss on October 25, 2018.

{¶ 42} 22.  In a journal entry dated October 31, 2018, a panel of this court noted that State Auto's motion to dismiss the appeal raises the issue of mootness, which required the admission of additional evidence to establish jurisdiction.  The court accordingly referred the matter to this magistrate for admission of additional evidence on appeal and examination of that evidence to determine whether the matter is moot and the court lacks jurisdiction.

{¶ 43} 23. The magistrate entered a scheduling order on November 6, 2018 setting the motion for a non-oral hearing on November 30, 2018.

{¶ 44} 24.  The parties have timely submitted their memoranda and documentary evidence in accordance with the scheduling order.

Discussion and Conclusions of Law:

{¶ 45} When a motion to dismiss raises the issue of jurisdiction, and the issue requires admission of evidence outside of the trial court record in order to fully establish the jurisdiction of the court of appeals, this court may admit additional evidence to resolve a jurisdictional issue.  *See generally Beneficial Mtge. Co., Inc. v. Dickerson,* 10th Dist. No. 14AP-282, 2014-Ohio-5045 (addressing additional evidence needed to establish standing).

{¶ 46} Settlement prior to the submission of an appeal may render the appeal moot. *Westin v. Gates,* 10th Dist. No. 90AP-354 (Oct. 11, 1990); *Davis v. Davis,* 10th Dist. No.

01AP-606 (Dec. 13, 2001); *State ex rel. United States Steel Corp. v. Ross,* 22 Ohio St.3d 85 (1986).

{¶ 47} When the parties in an action enter into a voluntary settlement agreement, the court possesses the authority to enforce the agreement as a binding contract. *Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36 (1972); *Mack v. Polson Rubber Co.,* 14 Ohio St.3d 34 (1984). As with other contracts, if the court determines that the parties intended to be bound, the court may fashion less essential terms omitted from the agreement in order to reach a just result. *Imbrogno v. MIMRx.COM, Inc.,* 10th Dist. No. 03AP-345, 2003-Ohio-6108; *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501 (1996); *Mr. Mark Corp. v. Rush, Inc.*, 11 Ohio App.3d 167, 169 (8th Dist.1983).

{¶ 48} In support of its motion to dismiss, State Auto has submitted, and the magistrate admits into evidence, copies of the notarized release executed by Ettayem, and a copy of the settlement check cashed by Ettayem. Appropriate affidavits accompany and authenticate each document.

{¶ 49} Ettayem argues that although he has accepted payment and executed the release as ordered by the trial court, this did not constitute a voluntary settlement because an essential term was omitted from the parties' agreement. Ettayem asserts the court imposed a release as a condition of settlement that differs from the release he was willing to execute. Although multiple variations of the negotiated release agreement are now before the court, Ettayem does not point out any significant difference between the release that he proposed and that which was eventually ordered by the trial court. Nor does Ettayem articulate how he is aggrieved by any terms of the release as ordered by the trial court. Ettayem has therefore not demonstrated that the parties have failed to agree on all essential terms, and that the trial court abused its discretion in entering an order enforcing a settlement agreed to by the parties, and filling in a minor term on release language to which the parties had not agreed in detail.

{¶ 50} The magistrate therefore concludes that the supplemental evidence establishes that the settlement under the terms ordered by the trial court, incorporating essential terms agreed to by the parties, has been fully executed. It is the magistrate's

decision that the matter has become moot, this court lacks jurisdiction, and this court grant State Auto's motion to dismiss the appeal.


                                                    /S/ MAGISTRATE
                                                    MARTIN L. DAVIS


### NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).