[Cite as *Telhio Credit Union v. Bryant*, 2019-Ohio-4866.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Telhio Credit Union, | : | |
| Plaintiff/Counterclaim Defendant/Appellee, | : | No. 19AP-17 |
| v. | : | (C.P.C. No. 13CV-3974) |
| Kristin J. Bryant, | : | (REGULAR CALENDAR) |
| Defendant/Counterclaim Plaintiff/Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on November 26, 2019

**On brief:** *Bricker & Eckler LLP*, and *Daniel C. Gibson*, for appellee. **Argued:** *Daniel C. Gibson*.

**On brief:** *Frederick & Berler LLC*, *Ronald I. Frederick*, *Michael L. Berler*, and *Michael L. Fine*; *Gregory Reichenbach*, for appellant. **Argued:** *Ronald I. Frederick*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant/counterclaim plaintiff/appellant, Kristin J. Bryant, appeals the December 14, 2018 judgment of the Franklin County Court of Common Pleas granting plaintiff/counterclaim defendant/appellee's motion to dismiss for lack of jurisdiction. For the following reasons, we reverse the trial court.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} In May 2009, appellant purchased a vehicle from a local dealership financed through appellee, and appellee took a security interest in the vehicle. In 2011, appellee repossessed the vehicle and sold it at an auction. The next year, appellee filed a complaint

in the Franklin County Municipal Court contending appellant defaulted under the terms of the promissory note for purchase of the vehicle and seeking a judgment of $3,292.67, representing the loan balance less the proceeds of the sale of the vehicle, plus interest. Appellant filed an answer and counterclaim against appellee, then later filed an amended class action counterclaim asserting claims for: (1) violation of the Truth in Lending Act ("TILA"); (2) violations of R.C. 1309.613 and 1309.614 regarding a deficient notice of sale; (3) violation of R.C. 1309.616 regarding an incorrect notice of deficiency; (4) breach of contract; (5) unjust enrichment; (6) negligence; and (7) individual claim for harm to credit reputation. The municipal court transferred the case to the Franklin County Court of Common Pleas in 2013.

{¶ 3} Once in common pleas court, appellee filed a motion for judgment on the pleadings, pursuant to Civ.R. 12(C), asking the trial court to dismiss appellant's counterclaim in its entirety. Appellant filed a memorandum in opposition to appellee's motion to dismiss combined with an alternative motion for leave to amend her counterclaim. On October 15, 2013, prior to issuing a decision on the Civ.R. 12(C) motion, the trial court ordered discovery to be held in abeyance and granted appellant leave to file a second amended counterclaim.

{¶ 4} On October 18, 2013, appellant filed her second amended class action counterclaim, narrowing the claims down to: (1) violation of TILA; (2) violations of R.C. 1309.613 and 1309.614; (3) violation of R.C. 1309.616; and (4) breach of contract. The counterclaim states appellant brings the action on behalf of herself and four classes corresponding to each claim: the TILA class; the "Notice of Sale" class; the "Deficiency" class; and the "Breach of Contract" class. (Oct. 18, 2013 Second Am. Countercl. at 6, 7.)

{¶ 5} Regarding both the notice of sale violation claim and the deficiency violation claim, appellant contended appellant and members of the proposed class suffered economic loss in an amount to be determined at trial and indicated statutory damages, pursuant to R.C. 1309.625(C)(2), were also available for such violations. (Oct. 18, 2013 Second Am. Countercl. at 11.) The prayer for relief requests:

> A) an order certifying this case as a class action, and certifying the proposed classes as defined herein;
>
> B) an order finding and declaring that [appellee]'s acts and practices as challenged herein are unlawful;

C) an order preliminarily and permanently enjoining [appellee] from engaging in the practices challenged herein, and from seeking to collect any alleged deficiency balances from class members;

D) award actual damages to be established at trial pursuant to 15 USC § 1640(a)(1);

E) an award of statutory damages in accordance with 15 USC § 1640(a)(2)(B) of $1,000,000 or 1% of net worth of [appellee], for the class, including the claims of those persons being sued by [appellee] for setoff or recoupment;

F) award costs and reasonable attorney's fees in accordance with 15 USC § 1640, which are taxed as costs;

G) an order of restitution and/or disgorgement in an amount to be determined at trial which is at least equal to all sums collected by [appellee] in the form of unspecified and illegal fees following the disposition of repossessed motor vehicles;

H) statutory damages in an amount to be determined at trial, which amount is at least equal to the total amount of finance charges and ten (10%) percent of the principal amount borrowed for each and every class member;

I) actual damages on the Seventh Claim awarded to Ms. Bryant individually, in an amount to be determined at trial, but not less than $30,000.00;

J) an order requiring [appellee] to remove any adverse credit information which [appellee] previously reported to credit reporting organizations;

K) pre-judgment interest and post-judgment interest to the extent permitted by law;

L) an award of attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action, pursuant to any applicable provisions of law; and,

any other and further relief as this Honorable Court deems just and proper.

(Oct. 18, 2013 Second Am. Class Action Countercl. & Individual Countercl. at 12-13.) Appellee filed a reply in support of its motion for judgment on the pleadings specific to the remaining four counterclaims.

{¶ 6} On June 23, 2014, the trial court granted in part and denied in part appellee's motion for judgment on the pleadings. The trial court noted appellant consented to the dismissal of her unjust enrichment, negligence, and harm to credit reputation claims. The

trial court then found two of appellant's remaining counterclaims survived appellee's Civ.R. 12(C) motion for judgment on the pleadings: appellant's claim that appellee violated R.C. 1309.613 and 1309.614 by providing appellant with an incorrect notice of public sale of collateral, and appellant's claim that appellee violated R.C. 1309.616 by providing appellant with an incorrect notice of deficiency. The trial court determined appellant could not bring TILA or breach of contract claims for relief but noted she could assert a TILA and breach of contract in defense to appellee's claims. The trial court struck, in appellant's second amended counterclaim prayer for relief, her reference to damages for her "now non-existent seventh claim" for harm to credit reputation. (June 23, 2014 Decision at 13.)

{¶ 7} On September 5, 2014, appellee filed a motion to dismiss appellant's remaining claims for lack of jurisdiction pursuant to Civ.R. 12(B)(1). Appellee argued that no live controversy existed before the trial court because appellee dismissed its original action against appellant and offered appellant more money than she could recover on her counterclaims. According to appellee, appellant sought only statutory damages on her remaining two claims, which under R.C. 1309.625(C)(2) entitled her to $11,185.96. Appellee stated that it tendered to appellant's counsel a check in the amount of $15,000.00 via overnight mail in full satisfaction of appellant's claims and that, as a result, her claims are now moot. Furthermore, appellee argued that in a putative class, where the named plaintiff's claim becomes moot before class certification, dismissal of the entire action is required. Appellee attached to its motion to dismiss a copy of the $15,000.00 check and a September 5, 2014 letter from appellee to appellant stating the check is made "in full satisfaction of her remaining claims." (Sept. 5, 2014 Mot., Ex. A at 1.) Appellee's Civ.R. 41(A)(1)(a) notice of dismissal, with prejudice, of its original claim against appellant appears in the record as filed on September 8, 2014; the certificate of service states the notice of dismissal was filed the same day as the motion to dismiss.

{¶ 8} Appellant filed a memorandum in opposition asking the trial court to deny appellee's motion to dismiss and attempt to "buy off [appellant]" and negate her standing to sue as a class representative. (Oct. 3, 2014 Opp. at 1.) According to appellant, appellee's $15,000 check was an offer of settlement rather than an offer of judgment, and she did not accept the offer. Appellant argued she not only requested statutory damages for violations of the Consumer Sales Practices Act, but she also requested a declaratory order finding and

declaring appellee's acts and practices challenged in this case are unlawful and an order preliminarily and permanently enjoining appellee from engaging in the challenged practices and seeking to collect alleged deficiency balances from a class member—leaving a live case or controversy. Appellant further contended that even if the check was an offer of judgment, under Ohio law, an unaccepted offer of judgment does not moot a class representative's claims in situations where the named plaintiff did not have an opportunity to file a motion to certify the class prior to the offer of judgment, including where the trial court stays discovery. Appellant argued the federal cases relied on by appellant do not support mootness under F.R.C.P. 68 and, regardless, emphasized that no Ohio court has held an F.R.C.P. 68 offer of judgment moots a class representative's claims.

{¶ 9} Appellee filed a reply stating, in part, that appellant represented to the trial court at a June 24, 2014 status conference that the only relief she sought in respect to the Uniform Commercial Code ("UCC") claims are statutory damages, the check tendered to appellant covered that full amount, and appellee dismissed its claims against appellant with prejudice. Therefore, according to appellee, since appellant's claims are moot, the putative class action is moot as well.

{¶ 10} On October 8, 2014, appellant filed a motion to compel discovery requesting an order from the court compelling appellee to comply with appellant's first set of discovery requests, which appellant served appellee with in June 2013. Appellant noted the trial court ordered, on October 15, 2013, that discovery be held in abeyance pending appellee's motion to stay discovery due to the motion for judgment on the pleadings, and the motion for judgment on the pleadings was denied in part in June 2014. Appellee filed a memorandum in opposition to appellant's motion to compel which, in addition to arguing the case is now moot, contended "discovery is technically still held in abeyance, since no final ruling by the Court on [appellee's] Motion to Stay Discovery was ever rendered." (Oct. 27, 2014 Memo. in Opp. at 3.) By order dated October 30, 2014, the trial court held appellant's motion to compel discovery in abeyance pending its decision on appellee's motion to dismiss.

{¶ 11} The trial court, on January 22, 2016, "authorized" appellee to deposit with the clerk of courts the sum of $15,000 to be held for the benefit of appellant pending a decision on appellee's motion to dismiss for lack of jurisdiction. (Jan. 22, 2016 Order at 1.) The order further stated any deposited funds would be "released and distributed only upon

further order of distribution by [the trial court]." (Jan. 22, 2016 Order at 1.) Four days later, appellee filed a notice of deposit of $15,000 with the clerk of courts.

{¶ 12} On February 3, 2016, appellant filed a supplemental brief in opposition to appellee's motion to dismiss. Within it, she raised *Campbell-Ewald v. Gomez*, 136 S.Ct. 663 (2016), a newly decided U.S. Supreme Court class action case finding, in accord with F.R.C.P. 68 and basic principles of contract law, that an unaccepted offer of complete relief does not moot a plaintiff's case. Appellant noted that *Campbell-Ewald* expressly declined to decide whether the result would be different if the defendant's offer of complete relief was accompanied by payment and a judgment in plaintiff's favor, and in the present case, the trial court filed an order authorizing appellee to deposit the $15,000 with the clerk two days after *Campbell-Ewald* was decided. Appellant also continued to rely on her previously raised arguments, emphasizing appellee had not yet offered complete relief, including a declaratory judgment, permanent injunction, removal of adverse credit information appellee previously reported, and attorney fees, costs, and expenses incurred in pursuing the action.

{¶ 13} Appellee responded to appellant's supplemental brief, contending that its procurement of an authorizing court order and subsequent deposit of money with the clerk, while prompted by *Campbell-Ewald*, was not improper in any respect and "does not affect the merits of the motion [to dismiss]." (Feb. 9, 2016 Response at 3.) Appellee contended the holding in *Campbell-Ewald* "has no bearing on this case," and the *Campbell-Ewald* concurrence supported appellee's position. (Feb. 9, 2016 Response at 2.) Appellant filed a second supplemental presentation of subsequent authority in opposition to appellee's motion to dismiss, offering new cases applying *Campbell-Ewald* to deny motions to dismiss for lack of jurisdiction. Appellee filed another response.

{¶ 14} On December 14, 2018, the trial court granted appellee's motion to dismiss for lack of jurisdiction. The trial court reasoned:

> The record in this case establishes that Plaintiff tendered to Defendant a check for $15,000 in September of 2014, which was accepted by Defendant. At that time, Plaintiff also dismissed its collection action against Defendant, with prejudice. The $15,000 check exceeds the statutory damages that Plaintiff can recover by approximately $3,000 to $4,000. The Court finds that, not only did Defendant receive the full relief she was entitled to in terms of monetary damages, but

she also received all injunctive relief she could be entitled to with respect to future attempts to collect from her given the fact that the dismissal was with prejudice.

The Court is not persuaded by Defendant's arguments in light of *Campbell-Ewald*. This case is factually distinguishable from *Campbell-Ewald* and the cases cited by Defendant in that there was actual receipt of the money in this case.

As the U.S. District Court for the District of Maryland explained in *Price v. Berman's Auto, Inc.*, 2016 U.S. Dist. LEXIS 35807 (D. Md. March 21, 2016),

> Although the Supreme Court recently held that a Rule 68 offer of judgment does not moot a claim by providing the claimant the relief he sought to obtain, it has never confronted the specific issue raised here: whether a plaintiff's claim is mooted when a defendant tenders *actual payment* equal to the full amount of a plaintiff's claim. *Campbell-Ewald Co. v. Gomez*, _ U.S. _, 136 S.Ct. 663, 672, 193 L. Ed. 2d 571 (2016) ("We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount."). Indeed, the majority of the cases cited by both parties, while somewhat instructive as to mootness generally, are largely inapposite here since they confront whether unaccepted settlement offers or Rule 68 offers of judgment moot a claim.

*Price v. Berman's Auto, Inc.*, 2016 U.S. Dist. LEXIS 35807 at *5-6. *See, also, Leyse v. Lifetime Entertainment Services, LLC*, 2016 U.S. Dist. LEXIS 47877 (S.D. NY March 17, 2016).

Because Plaintiff tendered a $15,000 check to Defendant, Defendant received the check, the money more than compensates Defendant for her requested statutory damages, and Plaintiff dismissed its action with prejudice and thereby there is no need for any injunctive or declaratory relief, the Court finds this action is moot and should be dismissed due to lack of jurisdiction. As noted above, although there are exceptions to the mootness doctrine, they are ordinarily reserved for the highest court in a state.

(Dec. 14, 2018 Trial Ct. Jgmt. at 8-9.)

{¶ 15} No further trial court order disposes of the $15,000 on hold with the clerk of court. Appellant filed a timely appeal of the trial court decision. After a discussion at oral argument regarding the effect of appellant rejecting the check sent by appellee and whether the recent Tenth District case *Ettayem v. State Auto Ins. Cos.*, 10th Dist. No. 18AP-745, 2019-Ohio-2086, had bearing on this issue, appellant filed a memorandum in regard to the *Ettayem* case and appellee filed a response.

## II. ASSIGNMENTS OF ERROR

{¶ 16} Appellant assigns the following as trial court error:

[1.] The Trial Court erred in holding that Telhio's unaccepted offer of judgment mooted Ms. Bryant's claims and deprived the court of jurisdiction.

[2.] The Trial Court erred in denying Ms. Bryant a "Fair Opportunity to Show That Class Certification is Warranted".

[3.] The Court erred in Finding that Telhio had tendered total relief to Ms. Bryant.

## III. STANDARD OF REVIEW

{¶ 17} "In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court must determine whether the claim raises any action cognizable in that court." (Internal quotation omitted.) *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. Subject-matter jurisdiction involves " 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Id.*, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. In deciding a motion to dismiss for lack of subject-matter jurisdiction, the trial court may consider evidence outside of the complaint. *Cerrone v. Univ. of Toledo*, 10th Dist. No. 11AP-573, 2012-Ohio-953, ¶ 5, citing *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶ 18} Appellate review of a motion to dismiss for lack of subject-matter jurisdiction is de novo. *Wood v. Div. of Oil & Gas Resources Mgt.*, 10th Dist. No. 18AP-470, 2018-Ohio-4968, ¶ 13; *Robinson* at ¶ 5. "Similarly, '[t]he issue of mootness is a question of law,' and therefore this court reviews a trial court's decision finding a matter to be moot under the de novo standard of review." *Tucker v. Leadership Academy for Math*, 10th Dist. No. 14AP-100, 2014-Ohio-3307, ¶ 7, citing *Poulson v. Wooster City Planning Comm.*, 9th Dist. No. 04CA0077, 2005-Ohio-2976, ¶ 5.

## IV. LEGAL ANALYSIS

### A. Third Assignment of Error

{¶ 19} For clarity of analysis, we will begin by addressing appellant's third assignment of error, which contends the trial court erred in finding appellee had tendered total relief to appellant, thereby rendering her counterclaims against appellee moot. For the following reasons, we agree with appellant.

{¶ 20} The Ohio Constitution limits the original jurisdiction of common pleas courts to "justiciable matters." Ohio Constitution, Article IV, Section 4(B). A case is moot if it " 'seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.' " (Internal quotation omitted.) *State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, ¶ 4, quoting *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, ¶ 11 (10th Dist.). *Rithy Properties v. Cheeseman*, 10th Dist. No. 15AP-641, 2016-Ohio-1602, ¶ 14 ("[A] case is moot when it involves no actual, genuine controversy, the decision of which can definitely affect existing legal relations."). "When a case becomes moot, dismissal of the case is appropriate because the case no longer presents a justiciable controversy." *Id.*, citing *Lund v. Portsmouth Local Air Agency*, 10th Dist. No. 14AP-60, 2014-Ohio-2741, ¶ 6. *Doran v. Heartland Bank*, 10th Dist. No. 16AP-586, 2018-Ohio-1811, ¶ 13 ("Where a question before a court has become moot, the jurisdiction of the court is lost [and] the defending party is entitled to a dismissal as a matter of right." (Internal citations omitted.)).

{¶ 21} "An action may be rendered moot when the litigant receives the relief sought before completion of the lawsuit." *The Brunner Firm Co., L.P.A. v. Bussard*, 10th Dist. No. 07AP-867, 2008-Ohio-4684, ¶ 35, citing *Robinson v. Indus. Comm.*, 10th Dist. No. 04AP-1010, 2005-Ohio-2290, ¶ 6. *Ander v. Clark*, 10th Dist. No. 14AP-426, 2014-Ohio-4449, ¶ 9. *See also State ex rel. Evans v. Mohr*, 155 Ohio St.3d 579, 2018-Ohio-5089, ¶ 4.

{¶ 22} It is undisputed that only two of appellant's claims remain in this case: (1) violations of R.C. 1309.613 and 1309.614 by failing to disclose the correct date and location of sale and failure to state a notice of accounting; and (2) violation of R.C. 1309.616 for stating an incorrect deficiency balance on the notice of deficiency. A consumer's

remedies for a secured party's failure to comply with R.C. Chapter 1309 are provided in R.C. 1309.625, which states in pertinent part:

> (A) If it is established that a secured party is not proceeding in accordance with this chapter, a court may order or restrain collection, enforcement, or disposition of collateral on appropriate terms and conditions.
>
> (B) Subject to divisions (C), (D), and (F) of this section, a person is liable for damages in the amount of any loss caused by a failure to comply with this chapter. Loss caused by a failure to comply may include loss resulting from the debtor's inability to obtain, or increased costs of, alternative financing.
>
> (C) Except as provided in section 1309.628 of the Revised Code:
>
> (1) A person who, at the time of the failure, was a debtor, was an obligor, or held a security interest in or other lien on the collateral may recover damages under division (B) of this section for its loss; and
>
> (2) *If the collateral is consumer goods, a person who was a debtor or a secondary obligor at the time a secured party failed to comply with sections 1309.601 to 1309.628 of the Revised Code may recover for that failure in any event an amount not less than the credit service charge plus ten per cent of the principal amount of the obligation or the time-price differential plus ten per cent of the cash price.*
>
> (D) [A] debtor or secondary obligor whose deficiency is eliminated or reduced under section 1309.626 of the Revised Code may not recover otherwise under division (B) of this section for noncompliance with sections 1309.601 to 1309.628 of the Revised Code relating to collection, enforcement, disposition, or acceptance. *Regardless of whether the debtor's or secondary obligor's deficiency is eliminated or reduced under section 1309.626 of the Revised Code, any damages recovered by the debtor or secondary obligor under division (C) of this section shall be reduced by the amount that the sum of the secured obligation, expenses, and attorney's fees exceeds the proceeds of collection, enforcement, disposition, or acceptance.*

(Emphasis added.)

{¶ 23} Appellant does not argue $15,000 fails to cover the statutory damages available for her remaining claims but generally contends the $15,000 to cover the statutory damages nevertheless does not provide complete relief she sought in this lawsuit. Appellant

acknowledges that appellee's dismissal of the collection action mooted her request for injunctive relief as related to appellee suing her again for the deficiency. However, she believes the trial court improperly limited its analysis of non-monetary (equitable and injunctive) relief to consideration of only "future attempts to collect from [appellant]." (Appellant's Brief at 37.) According to appellant, the trial court failed to consider her request for relief with regard to obtaining an order requiring appellee to remove any adverse credit information which appellee previously reported to credit reporting agencies and relatedly contends the result of the dismissal by the trial court leaves her with a deficiency balance that will exist "in perpetuity" with nothing requiring appellee to report a zero balance to the credit agencies. (Reply Brief at 5.) Appellant likewise argues the trial court failed to consider both her request for a declaratory order and her individual interest in representing the class action.

{¶ 24} Appellee counters that appellant only sought statutory damages as relief for her remaining claims, noting that appellant's counsel made this representation at a June 23, 2014 status conference and that appellee documented this representation in its briefs thereafter and its letter enclosed with the check. According to appellee, the operative pleading and prayer for relief confirms she was only seeking statutory damages as the other items requested were tied to dismissed claims, rendered moot by appellee's dismissal of its claims, or requests for procedural orders or contingent, post-judgment awards, rather than substantive relief on her remaining claims. Appellee emphasizes that appellant does not challenge the amount of the check as complete relief as to her request for the statutory damages, and $15,000 is more than appellant could have recovered as proscribed by statute. Appellee next argues the trial court was legally and practically incapable of affording injunctive, declaratory, and crediting reporting related relief, and appellant is incorrect in believing her purported independent interest in the class action claims confers jurisdiction absent a personal stake in the proceedings.

{¶ 25} After careful consideration of the arguments and cases cited by the parties, and on the specific facts of this case, we agree with appellant that appellee's $15,000 check and dismissal of appellee's case with prejudice did not equate to "full relief" under the statute involved here. (Dec. 14, 2008 Decision at 8.) As acknowledged by appellee, by operation of R.C. 1309.625(D), "had [appellant] prevailed in the action on the merits, her

statutory damages award automatically would have been reduced by the amount of the post-sale deficiency, regardless of whether it was still, legally collectible against her." (Appellee's Brief at 26.)   Because the process to calculate statutory damages in R.C. 1309.625(C) includes an offset for appellant's post-sale deficiency under R.C. 1309.625(D), had appellant prevailed on the merits of her remaining claims here, she would no longer owe a debt to appellee, thereby eliminating the basis for appellee to report negative credit information regarding appellant in the future.

{¶ 26}  In other words, by not permitting appellant to adjudicate her case, appellant is not afforded complete relief either under her complaint or R.C. 1309.625(C).  Despite the $15,000 check and appellee's dismissal of its own collections action against appellant, appellant is left with the risk of a standing deficiency with appellee and any negative future consequences thereof.  We further note that having rejected the check from appellee, appellant bears the risk of a judgment falling in favor of appellee.

{¶ 27} Having reviewed the complaint, R.C. 1309.625, and the remedies listed therein, we find on the facts of this case the trial court erred in finding appellant received[1] "full relief."  The trial court thereby erred in determining the case is moot and granting appellee's motion to dismiss for lack of jurisdiction.   (Dec. 14, 2018 Decision at 8.) Considering all the above, we find that an "actual, genuine controversy, the decision of which can definitely affect existing legal relations," exists in this case.  *Rithy Properties*, 2016-Ohio-1602, at ¶ 14.  We note our decision concerns only whether a live controversy exists in this case, and we make no comment or determination on the merits of appellant's claims or entitlement to her requested remedies.

{¶ 28}  Accordingly, we sustain appellant's third assignment of error.

---

[1] Because we find "full relief" was not sent to appellant, the cases cited by the parties pertaining to what constitutes "receipt" of full relief are immaterial.  To the extent the trial court's statement that appellant "accepted" the check could be construed as meaning she accepted an offer of settlement (as opposed to tender of complete relief) that would render the action moot, we note: appellee did not argue this case as a settlement case, which would require the settlement offer to be accepted under common law and U.C.C. principles; the trial court decision is solely based on law regarding a plaintiff's receipt of full relief; and, regardless, appellant clearly rejected such an offer by not cashing the check and sending it back to appellee.  *See Wilson v. Pride*, 8th Dist. No. 107793, 2019-Ohio-3513, ¶ 30 ("Like any other contract, a settlement agreement requires an offer, acceptance, consideration, and mutual assent between two or more parties with the legal capacity to act."); *Ettayem*, 2019-Ohio-2086, at ¶ 14-15 (finding negotiation of settlement check rendering appeal moot); R.C. 1303.40 (codification of U.C.C. 3-311 requiring, in part, that claimant "obtained payment of the instrument" to effect an accord and satisfaction by use of an instrument).

### B.  First and Second Assignments of Error

{¶ 29}  Appellant's first and second assignments of error generally assert appellant's status as a class representative as an independent reason to deny appellee's motion to dismiss for lack of jurisdiction.  In the third assignment of error, we determined the trial court erred in finding appellant received full relief for her remaining counterclaims and, therefore, should not have determined the action to be moot.  Our decision in this regard renders appellant's first and second assignments of error moot, and we express no opinion on these issues.  App.R. 12(A)(1)(c); *Sourial v. Nationwide Mut. Ins. Co.*, 10th Dist. No. 17AP-731, 2018-Ohio-2528, ¶ 61.

## V.  CONCLUSION

{¶ 30}  Accordingly, having sustained appellant's third assignment of error and determined appellant's first and second assignments of error are moot, we reverse the judgment of the Franklin County Court of Common Pleas and remand this cause for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed*;
*cause remanded.*

DORRIAN, J., concurs.
NELSON, J., dissents.

NELSON, J., dissenting.

{¶ 31}  The majority opinion quite properly narrows the issue in this appeal to the question under Ohio law of whether appellant was tendered full relief for her remaining counterclaims.  Because I would find under R.C. 1309.625 in light of the facts as recited above that she was (or, more precisely, because I do not conclude that the trial court that presided over these proceedings erred on this score), I would affirm the judgment of the trial court in this case in which no class has been certified and the putative class representative has no remaining claims of her own to advance.  On these facts where money has been tendered by appellee to appellant to conclude the dispute (not vice versa), I do not see the "basis" the majority discerns "for appellee to report [ongoing] negative credit information regarding appellant in the future."  *Compare supra* at ¶ 25.  I therefore very respectfully dissent.

_____